STATE OF NORTH CAROLINA v. RICKY ALLEN KNIGHT

No. 806SC1204

(Filed 18 August 1981)

**Criminal Law § 73.1— hearsay testimony—prejudicial error**

If there is a reasonable possibility that hearsay evidence complained of might have contributed to defendant's conviction, admission of such evidence is not harmless beyond a reasonable doubt; the admission of testimony by a detective as to what defendant's accomplice told him in regard to defendant's participation in the alleged crimes was hearsay testimony, and its admission was prejudicial error where there was a reasonable possibility that it contributed to defendant's conviction.

APPEAL by defendant from *Britt, Judge.* Judgment entered 1 August 1980 in Superior Court, HALIFAX County. Heard in the Court of Appeals 28 April 1981.

Defendant was charged with felonious breaking or entering and felonious larceny. Evidence at the trial tended to show the home of William David Butts was broken into on 30 March 1980 and four guns were taken. The defendant and Howard Williams were questioned by the officers the next day. Charles E. Ward, a detective with the Halifax County Sheriff's Department, testified the defendant signed a written confession as to his participation in the break-in and the larceny of the goods. Mr. Ward testified further that after the defendant had confessed, the defendant and Howard Williams told him they could have the guns returned. He carried them to Hodgestown in order to give them a chance to retrieve the guns; however, they were not able to retrieve them. The defendant denied making the confession.

The following testimony was elicited over objection by the defendant during the redirect examination of Mr. Ward:

"Q. What did Howard Williams tell his own mother he did up in the detectives' room on March 30, 1980?

\* \* \*

A. He told his mother that he had broken into the house with Ricky Knight and had stolen three guns and carried them to Major Parker's residence."

Howard Williams was not tried with the defendant.

The defendant was convicted and appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Chambers, Ferguson, Watt, Wallas, Adkins and Fuller, by James E. Ferguson, II and James C. Fuller, Jr., for defendant appellant.*

WEBB, Judge.

The admission of the testimony by Mr. Ward as to what Howard Williams told him in regard to Ricky Knight's participation in the alleged crimes was hearsay testimony. The probative force of this evidence depended upon the credibility of Howard Williams and not Mr. Ward. *See* 1 Stansbury's N.C. Evidence § 138 (Brandis rev. 1973) for the definition of hearsay testimony. It was error to allow this testimony.

The question presented by this appeal is whether the erroneous admission of hearsay testimony was prejudicial error. The question of whether error in the admission of testimony is prejudicial has been passed upon in this state in several cases. *See State v. Squire*, 292 N.C. 494, 234 S.E. 2d 563 (1977); *State v. McCotter*, 288 N.C. 227, 217 S.E. 2d 525 (1975); *State v. Hudson*, 281 N.C. 100, 187 S.E. 2d 756 (1972); *State v. Watson*, 281 N.C. 221, 188 S.E. 2d 289 (1972). If error in admitting evidence is harmless beyond a reasonable doubt, it is not prejudicial error. In determining whether error is harmless beyond a reasonable doubt, we believe the rule is that if there is a reasonable possibility that the evidence complained of might have contributed to the conviction, it is not harmless beyond a reasonable doubt. In this

case the evidence against the defendant consisted principally of a confession which he denied and the testimony of Mr. Ward as to the efforts of the defendant and Howard Williams to retrieve the guns. When the testimony of Mr. Ward as to the statement of Mr. Williams implicating the defendant is considered in conjunction with the other evidence, we cannot say there is not a reasonable possibility this testimony did not contribute to the conviction.

New trial.

Judges HEDRICK and ARNOLD concur.